UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X

SHAWN BROWN,

                Plaintiff,

    - against -

UNITED STATES OF AMERICA

                Defendant.

------------------------------------------------------X

**MEMORANDUM
OPINION AND ORDER**

**10 Civ. 7758 (SAS)**



SHIRA A. SCHEINDLIN, U.S.D.J.:

## I.    INTRODUCTION

Shawn Brown, proceeding *pro se*, brings this action against the United States of America (the "Government") pursuant to the Federal Tort Claims Act ("FTCA").[1]  Brown alleges that she tripped and fell on a broken step at the South Bronx Job Corps Center ( "Job Corps").   The building where the alleged incident occurred is owned by the Government, and Job Corps is a program administered by the Department of Labor (the "DOL").  Brown seeks damages in the amount of five-hundred thousand dollars.

Defendant moves to dismiss the Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure based on lack of subject matter jurisdiction.

---

[1]    28 U.S.C. § 2671.

For the reasons stated below, defendant's motion is granted and plaintiff's Complaint is dismissed with prejudice.

## II.   BACKGROUND[2]

### A.   Factual and Procedural History

On December 3, 2008, plaintiff tripped and fell on a broken step in the stairwell of the Job Corps, located at 1771 Andrews Avenue in the Bronx (the "Premises").[3]   At the time, plaintiff was employed by the Job Corps.[4]   As a result of the fall, plaintiff fractured her right wrist (her dominant arm) which required surgery.[5]   On December 22, 2008, plaintiff filed a tort claim with the DOL.[6]   The claim was denied on May 7, 2010.[7]   The denial letter concluded that the DOL could not be held liable under the FTCA because the independent contractor exception applied.   Because the DOL "unambiguously delegates to ResCare the

---

[2]       The following facts are drawn from the Complaint ("Compl.") and are presumed to be true for the purpose of this motion.

[3]       *See* Compl. at 1.

[4]       *See* 12/22/08 Letter from Scott Sherman, Plaintiff's Counsel to DOL ("Letter to DOL"), attached to the Compl.

[5]       *See id.*

[6]       *See* 12/22/08 DOL Claim for Damage, Injury, or Death Form ("Claims Form"), attached to the Compl.

[7]       *See* 5/7/10 DOL Denial of FTCA Claims Letter ("Denial Letter"), attached to the Compl.

duty to maintain the site . . . negligence on the part of ResCare in failing to maintain the stairways in the Job Corps Academy may not be attributed to the United States."[8]   Additionally, the letter stated "[o]ur review discloses no other basis for liability on the part of the United States and the administrative claim is therefore denied."[9]   Brown was informed that she had six months to file suit in the appropriate district court, should she wish to pursue her claim.[10]

### B.    Job Corps Program

The DOL administers the Job Corps program.  The program is "the nation's largest residential and educational training program for economically disadvantaged youth, ages 16-24."[11]   Many of the Job Corps locations are run by independent contractors who manage and oversee operations.   "While the federal government establishes general policies and certain requirements for the Job Corps program, many Job Corps centers, including the South Bronx Job Corps Center are operated by independent contractors."[12]   ResCare was awarded the contract for

---

[8]      *Id.*

[9]      *Id.*

[10]     *See id.*

[11]      12/9/10 Declaration of Joseph Semansky ("Semansky Decl."), ¶ 1. (Semansky is the Job Corps Regional Director, and is the contracting officer on the contract between DOL and ResCare).

[12]     *Id.*

the South Bronx Job Corps Center on October 1, 2006.[13]   As such, the

responsibility for the program and premises were delegated to ResCare.  "The

control the DOL maintains over ResCare in regard to facilities maintenance is to

monitor and inspect ResCare's performance and to make determinations regarding

satisfactory performance."[14]

### C.    The Contract Between the DOL and ResCare

The contract between the DOL and ResCare states that "[t]he

contractor shall establish and maintain a system for facilities maintenance in order

to provide a safe and clean environment for students.  Facilities shall be maintained

and managed in accordance with PRH 5.9, 5.10, and 5.11."[15]  The Policy and

Requirements Handbook ("PRH"), incorporated by reference into the Contract,

further discusses ResCare's obligations regarding building maintenance.  The PRH

states "Center operators shall maintain the buildings, grounds, roads, sidewalks,

and equipment for which the center is responsible by implementing a center

---

[13]     *See id.* ¶ 4.

[14]     *Id.* ¶ 8.

[15]     South Bronx Job Corps contract (the "Contract"), Ex. A to the
Semansky Decl.

maintenance program . . . ."[16]  Additionally, the PRH requires that those areas be "clean, well maintained, and free of hazards."[17]  According to Job Corp's Regional Director, "[t]he control the DOL maintains over ResCare in regard to facilities maintenance is to monitor and inspect ResCare's performance and to make determinations regarding satisfactory performance" and that "DOL's facility surveys of such sites are carried out approximately every two years . . . ."[18]  Additionally, the PRH states that projects to "repair of replace existing facilities shall be constructed in conformance with professionally prepared plans and specifications, in accordance with 48 CFR Part 36."[19]

### D.   The Complaint

Plaintiff filed the instant Complaint on October 12, 2010.[20]  She alleges that on the date of her fall, "there existed a dangerous, defective, hazardous,

---

[16]     The Policy and Requirements Handbook (the "PRH"), Ex. B to the Semansky Decl. at 6.

[17]     *Id.*

[18]     Semanksy Decl. ¶ 8.

[19]     PRH at 6.

[20]     At the time plaintiff filed this Complaint, she was represented by counsel.  On February 1, 2011 plaintiff's attorney requested and was granted permission to withdraw.  Plaintiff is now appearing *pro se.*

unsafe and trap-like condition"[21] at the building.   As a result of the trip and fall,

plaintiff alleges that she sustained

> severe and permanent personal injuries, became sick, sore, lame
> and disabled; suffered injuries to her nervous system; suffered
> mental anguish, was confined to bed and home and may, in the
> future, be so confined; was incapacitated from attending to her
> usual duties and vocation and may, in the future, be so
> incapacitated; will suffer a loss and/or limitation of quality and
> enjoyment of life.[22]

Plaintiff alleges that defendant had "actual and/or constructive notice" of the

defects, having received written notice of previous injuries due to the same unsafe

condition.[23]

While it is undisputed that the Government owns the Premises, the

Government argues that the operation of Jobs Corps and the maintenance of the

building in which it resides falls solely on ResCare.  As such, the Government

moves to dismiss this case based on lack of subject matter jurisdiction.[24]

---

[21]   Compl. at 2.

[22]   *Id.* at 4.

[23]   *See* Compl. at 2-3.  Plaintiff has not provided any additional
information in support of this allegation.

[24]   On February 23, 2011, this Court issued an Order directing Brown to
file opposition papers in response to the Motion to Dismiss by March 25, 2011.
Plaintiff failed to do so.

## III.   LEGAL STANDARDS

### A.    Rule 12(b)(1) - Lack of Subject Matter Jurisdiction

A district court may exercise subject matter jurisdiction if the action "arises under" federal law.[25]   An action "arises under" federal law if "'in order for the plaintiff to secure the relief sought he will be obliged to establish both the correctness and the applicability to his case of a proposition of federal law.'"[26] "[T]he plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists."[27]   "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."[28]

When a defendant challenges the legal sufficiency of a plaintiff's jurisdictional allegations, the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff.[29]   However,

---

[25]    *See Bracey v. Board of Educ. of City of Bridgeport*, 368 F.3d 108, 113 (2d Cir. 2004) (citing 28 U.S.C. § 1331).

[26]    *Id.* at 114 (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1993) (superseded by statute on other grounds)).

[27]    *Luckett v. Bure*, 290 F.3d 493, 496-97 (2d Cir. 2002).

[28]    *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

[29]    *See Robinson v. Government of Malaysia*, 269 F.3d 133, 140 (2d Cir. 2001) (quotation marks and citation omitted).

"where evidence relevant to the jurisdictional question is before the court, 'the district court . . . may refer to [that] evidence.'"[30]  Therefore, "[i]n resolving the question of jurisdiction, the [] court can refer to evidence outside the pleadings."[31]  Thus, a district court may refer to evidence such as sworn affidavits, correspondence between the parties, contracts, and other relevant documents.[32]  Where the plaintiff is proceeding pro se, her pleadings must be: (1) considered under a more lenient standard than that accorded to "formal pleadings drafted by lawyers;"[33] and (2) "interpret[ed] . . . to raise the strongest arguments they suggest."[34]  The consideration of materials extrinsic to the pleadings does not convert the motion to dismiss into a motion for summary judgment.[35]

---

[30]     *Id.* (alterations in original) (quoting *Makarova*, 201 F.3d at 113).

[31]     *Luckett*, 290 F.3d at 496-97.

[32]     *See Makarova*, 201 F.3d at 113 (citation omitted).

[33]     *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  *Accord Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) ("Because [plaintiff] is a pro se litigant, we read his supporting papers liberally.").

[34]     *Burgos*, 14 F.3d at 790.

[35]     *See CCS Int'l Ltd. v. United States*, No. 03 Civ. 507, 2003 WL 23021951, at *2 (S.D.N.Y. Dec. 24, 2003).

### B.    Federal Tort Claims Act

The FTCA provides a limited waiver of the United States's sovereign

immunity, authorizing suits against the Government for damages

> for injury or loss of property, or personal injury or death caused
> by the negligent or wrongful act or omission of any employee of
> the Government while acting within the scope of his office or
> employment, under circumstances where the United States, if a
> private person, would be liable to the claimant in accordance with
> the law of the place where the act or omission occurred.[36]

Thus, there is only subject matter jurisdiction if "the negligent or wrongful acts

were caused by a Government employee"[37] or agency. "The FTCA makes clear,

however, that a federal agency does not include 'any contractor with the United

States.'"[38]   The determination of whether an entity is considered a federal

employee or, alternatively, an independent contractor is a question of federal law.[39]

### C.    Independent Contractor Defense

---

[36]     28 U.S.C. § 1346(b)(1); *see also id*. § 2674 ("The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances . . . .").

[37]     *Moreno v. United States*, 965 F. Supp. 521, 524 (S.D.N.Y. 1997).

[38]     *Id.* (quoting 28 U.S.C. § 2671).

[39]     *See id.* (citing *Leone v. United States*, 910 F.2d 46, 49 (2d Cir. 1990)).

When the tort is a result of the negligence of an independent contractor, the Government cannot be held liable under the FTCA.[40]   If "the injuries alleged in a complaint were caused by an independent contractor, the FTCA does not waive sovereign immunity for that claim, and it must be dismissed for lack of subject matter jurisdiction."[41]   Relevant factors in determining whether an employee or agent is an independent contractor are: (1) "the power of the Federal Government 'to control the detailed physical performance of the contractor'"[42] and (2) "whether the Government supervises the day-to-day operations of the contractor."[43]   A court must review the terms of the underlying contract to determine whether these factors are met.[44]   "The Government is immune to liability even where it retains the right to inspect a contractor's work or its compliance with regulations."[45]

---

[40]      *See United States v. Orleans*, 425 U.S. 807, 814 (1976).

[41]      *Fisko v. United States Gen. Servs. Admin.*, 395 F. Supp. 2d 57, 62 (S.D.N.Y. 2005) (citing *Orleans*, 425 U.S. at 814).

[42]      *Orleans*, 425 U.S. at 814 (quoting *Logue v. United States*, 412 U.S. 521, 528 (1973)).  *Accord Moreno*, 965 F. Supp. at 524.

[43]      *Moreno*, 965 F.Supp. at 524 (citation omitted).

[44]      *See Fraser v. United States*, 490 F. Supp. 2d 302, 310 (E.D.N.Y. 2007).

[45]      *Id.* (citing *Leone*, 910 F.2d at 50).

## IV.   DISCUSSION

Whether ResCare is an independent contractor requires a determination of whether the DOL maintained detailed physical control over ResCare's performance.[46]  The Government cites to a recent case, *Barna v. United States*, involving a different Job Corps location.[47]   In that case, the court examined the same standard Job Corps contract as in the instant action, and applied the independent contractor defense.  The court held that a slip and fall occurring on the sidewalk of Government-owned premises did not state a claim against the United States because the building and premises were operated by an independent contractor.[48]

Although the language in the Contract provides that the DOL has the ability to inspect the work of ResCare, and to occasionally monitor performance, the DOL did not have detailed physical control over this Job Corps site.  General oversight and the right to inspect is not enough to hold the Government liable for

---

[46]      *See Orleans*, 425 U.S. at 814.

[47]      *See* Defendant's Memorandum of Law in Support of the United States' Motion to Dismiss at 6-7 (citing *Barna v. United States*, No. 07-CV-622A2008 (RJA), WL 2704347 (W.D.N.Y. July 2, 2008).

[48]      *See Barna*, 2008 WL 2704347, at * 2.

-11-

the work of independent contractors.[49]   Nor was there any day-to-day supervision by the DOL of ResCare's operation of the Job Corps.   The PRH specifically states that the Job Corp's buildings were to be kept "clean, well maintained, and free of hazards."[50]  As such, the responsibility to keep the stairs free from hazardous conditions rested with ResCare, not the DOL.

Brown has not met her burden of proving, by a preponderance of the evidence, that subject matter jurisdiction exists.  The United States has not waived sovereign immunity in this matter.  Furthermore, as the independent contractor defense applies. Therefore, the Government's motion to dismiss must be granted.

---

[49]     *See Roditis v. United States*, 122 F.3d 108, 111 (2d Cir. 1997).

[50]     PRH at 6.

-12-

## V.    CONCLUSION

For the foregoing reasons, the Government's motion to dismiss is granted.[51]  The Clerk of the Court is directed to close this motion (Docket No.7) and this case.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:  New York, New York
        May 3, 2011

---

[51]      Under Federal Rule of Civil Procedure 15(a), leave to amend a complaint should be "freely given when justice so requires."  A *pro se* plaintiff should be permitted to amend her complaint prior to its dismissal for failure to state a claim "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999).  Thus "it is well established that leave to amend a complaint need not be granted when amendment would be futile." *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003).  Because Brown cannot cure her lack of subject matter jurisdiction over the Government, leave to amend would be futile.  Therefore, plaintiff's claims are dismissed with prejudice.

-13-

- Appearances -

**Plaintiff (Pro Se):**

Shawn Brown
392 Woodfield Road
West Hempstead, NY 11552

**For Defendant:**

Ellen M. London
Assistant United States Attorney
United States Attorney's Office
86 Chambers Street
New York, NY 10007
(212) 637-2737